United States District Court
District of Connecticut

Michael Daly, Pro Se, Plaintiff :
v. :
Jay Malley, Kevin Lemaire, K. :
Rosa, James Moore and Jeffery :
Lampson, Defendants :

FILED
2006 SEP 29 P 1:25
DISTRICT COURT

Case No. # 3:06CV1536 (SRU)

Jury Trial Demanded

## Preliminary Statement:

This is a civil rights action filed by Michael Daly for damages under 42 U.S.C., Section 1983, alleging excessive use of force in violation of the fourth Amendment to the United States Constitution and denial of medical care in violation of the fourteenth Amendment to the United States Constitution. The plaintiff also alleges the torts of assault and battery and negligence.

## Jurisdiction:

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C., Sections 1331 (a) and 1343.

2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C., Section 1367.

## Parties:

3. The plaintiff, Michael Daly #14102, Walker CI-14, 1153 E. St. South, Suffield, Connecticut, 06080, is a citizen of the

(1.)

United States of America and was a resident of South Windsor, Connecticut, who was being arrested during the events described in this complaint. The plaintiff is currently confined as a pre-trial detainee as a result of this arrest.

4. Defendants Jay Malley and Kevin Lemaire are members of the East Hartford Police Department, 31 School Street, East Hartford, CT 06108, and hold the rank of police officer. They are sued in their individual and official capacities.

5. Defendant K. Rosa is a member of the East Hartford Police Department, 31 School Street, East Hartford, CT 06108, and holds the rank of sgt. He is sued in his individual and official capacity.

6. Defendants James Moore and Jeffery Lampson are members of the Manchester Police Department, 239 Middle Turnpike, Manchester, CT 06040, and hold the rank of detective. They are sued in their individual and official capacities.

7. Defendant John Doe is a member of the Manchester Police Department, 239 Middle Turnpike, Manchester, CT 06040, whose name is presently unknown to plaintiff, and who holds the rank of Lt. He is sued in his individual and official capacities.

8. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

Facts:

9. On June 22, 2004, the plaintiff was being sought by the Manchester Police Department for allegedly having committed the criminal acts of rob. 3rd degree and larceny 3rd degree.

(2.)

10. Defendant Lampson sought and obtained a warrant for the arrest of the plaintiff for robbery in the third degree in violation of Connecticut General Statute, Section 53a-136 and larceny in the third degree in violation of Connecticut General Statute, Section 53a-124.

11. Defendant Lampson was provided with information by one Helen Mocco as to the whereabouts of Michael Daly.

12. Defendant Lampson was provided with information by one Glenn Safranek as to the whereabouts of Michael Daly.

13. Based on the information provided in paragraphs 11 and/or 12, defendants Lampson and Moore proceeded to 30 Tolland Street, East Hartford, Connecticut, (Napa Auto Parts), to execute the arrest warrant upon the plaintiff for robbery third degree and larceny third degree.

14. Defendants Lampson and Moore sought and were assisted in executing the arrest warrant upon the plaintiff by defendant's Lemaire, Malley and Rosa.

15. Defendant Malley was assisted and in control of K-9 Max.

## MISUSE OF FORCE:

16. Defendants Malley, Lemaire, Rosa, Moore and Lampson had the plaintiff cornered inside a warehouse on top of some stacked insulation.

17. Defendant Lemaire had his handgun drawn and pointed at the plaintiff.

18. Defendant Malley had his handgun drawn and pointed at the plaintiff.

19. Defendant Moore had his handgun drawn and pointed at the plaintiff.

20. The plaintiff walked to the edge of the stacked insulation and went to get down on his knees to climb down when without

(3.)

warning, defendant Lampson ran up behind the plaintiff and began kicking and stomping him in the right shoulder and back area.

21. As defendant Lampson visciously kicked and stamped the plaintiff in the shoulder and back area the stacked insulation shifted causing both the plaintiff and defendant to fall approximately 15 feet to the floor.

22. As the plaintiff lay on the floor waiting to be taken into custody defendants Malley, Lemaire, Rosa, Moore and Lampson stood within 15 feet of the plaintiff and made no attempt whatsoever to handcuff him and place him under custodial criminal arrest.

23. While laying on the floor waiting for the defendants to take him into custody, and without warning, defendant Malley sent K-9 Max upon the plaintiff.

24. K-9 Max bit the plaintiff on the lower right leg.

25. The plaintiff was laying on the floor with his right lower leg engaged in K-9 Maxs' mouth and defendants Malley, Lemaire, Rosa, Moore and Lampson did nothing to intervene.

26. Although defendants Malley, Lemaire, Rosa, Moore and Lampson could have taken the plaintiff into custody as he lay on the floor with his leg engaged by K-9 Max they opted not to.

27. Defendant Malley gave K-9 Max a verbal command at which time Max dis-engaged the plaintiff's lower right leg and visciously bit the plaintiff in the right calf, right inner thigh, genitals and then re-engaged the plaintiff's lower right leg.

28. After Max re-engaged the plaintiff's right lower leg, defendants Malley, Lemaire, Rosa, Moore and Lampson did nothing to intervene.

( 4. )

29. Eventhough defendants Malley, Lemaire, Rosa, Moore and Hampser could have taken the plaintiff into custody as he lay on the floor with his leg re-engaged by K-9 Max they opted to do nothing.

30. The plaintiff cried out in pain and begged the defendant's to call K-9 Max off of him, the defendants did nothing to intervene and began to laugh.

31. Defendant Lemaire then holstered his handgun and drew his department issued taser and shot the plaintiff in the right shoulder and back.

32. Again the plaintiff asked the defendants why they were doing this to him and they stated, "You shouldn't have run." "Next time don't run."

33. Defendant Malley finally called K-9 Max off the plaintiff.

34. Defendant Lemaire then ordered the plaintiff to pull the taser probe out of his right shoulder which he did.

35. During these events the plaintiff did not resist or threaten the defendants' in any fashion.

36. The plaintiff was finally handcuffed and taken into custody.

37. The plaintiff was taken to the Manchester Police Department and processed, bail was previously set by the court at 1 million dollars, based on the plaintiff's failure to post the required bail he remained in custody pending arraignment.

## DENIAL OF MEDICAL TREATMENT:

38. On June 23, 2006, the plaintiff complained of bleeding,

( 5. )

swelling and pain in his right leg and pain in his right shoulder.

39. EMT's came to the Manchester Police Department lock-up but LT. John Doe refused to allow the plaintiff to go to the hospital for medical treatment.

40. The defendant was arraigned at the G.A. 12 Superior Court at Manchester before the Honorable Judge Norko, bail was set at $1,100,000.00, based on the plaintiff's failure to post the required bail he was remanded to the custody of the commissioner of correction.

41. Since being remanded to the custody of the commissioner of correction the plaintiff has attempted an numerous occasions to receive medical treatment for the injuries he sustained to his right shoulder during his arrest.

42. Since the plaintiff's arrest he has severe pain in his right shoulder, limited movement and use of the right shoulder and arm, problems opening his right hand.

43. Plaintiff's shoulder problem continues to worsen.

44. Plaintiff continues to seek testing, diagnosis and treatment for his shoulder problem without much success.

## Claims For Relief:

45. The actions of defendants Malley, Lemoire, Rosa, Moore and Lampson in using physical force against the plaintiff without need or provocation, or in failing to intervene to prevent the misuse of force, were done unreasonably, maliciously, and sadistically and constituted an unreasonable seizure of the plaintiff's person in

(6.)

violation of the Fourth Amendment of the United States Constitution.

46. The actions of defendants Malley, Lemaire and Lampson in using physical force against the plaintiff without need or provocation constituted the tort of assault and battery under the law of Connecticut.

47. The actions of defendant Lemaire in ordering the plaintiff to remove the taser probes from his own shoulder, despite his knowledge that the taser probes are suppose to be medically removed, constituted deliberate indifference to the plaintiff's serious medical needs in violation of the Fourteenth Amendment to the United States Constitution.

48. The failure of defendant John Doe to provide the plaintiff with adequate medical treatment for the bleeding, swelling and pain in his right leg and the pain in his right shoulder constitutes deliberate indifference to the plaintiff's serious medical needs in violation of the Fourteenth Amendment to the United States Constitution.

49. The failure of defendants Lemaire and Doe to provide the plaintiff with adequate medical treatment constitutes the tort of negligence under the law of Connecticut.

Relief Requested:

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The physical abuse of the plaintiff by defendants Malley, Lemaire and Lampson violated the plaintiff's rights under the

(7.)

Fourth Amendment to the United States Constitution and constituted an assault and battery under state law.

2. Defendants Rosa and Moore's failure to take action to curb the physical abuse of the plaintiff violated the plaintiff's rights under the Fourth Amendment to the United States Constitution and constituted an assault and battery under state law.

3. Defendant Lemaire and Doe's actions in failing to provide adequate medical treatment for the plaintiff violated his rights under the Fourteenth Amendment to the United States Constitution and constitutes the tort of negligence under the law of Connecticut.

B. Award compensatory damages in the following amounts:

1. $500,000 jointly and severally against defendants Malley, Lemaire, Rosa, Moore and Lampson for the physical and emotional injuries sustained as a result of the defendants assault.

2. $100,000 jointly and severally against defendants Lemaire and Doe for the physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

C. Award punitive damages in the following amounts:

( 8.)

1. $50,000 each against defendants Malley and Lemaire;

2. $50,000 against defendant Doe;

3. $20,000 against defendants Lampson and Rosa;

4. $10,000 against defendant Moore.

D. Issue an injunction ordering defendants Malley, Lemaire, Rosa, Moore and Lampson to:

    1. Immediately arrange for the plaintiff's need for medical treatment be evaluated by a medical practitioner with expertise in the treatment and restoration of function of broken, fractured or torn shoulder;

    2. Carry out without delay the treatment directed by such medical practitioner.

E. Grant such other relief as it may appear that plaintiff is entitled.

(9.)

Respectfully Submitted,

September 10, 2006

_Michael Daly_

DATE:

Michael Daly, Pro Se, Plaintiff

Walker C1-14

1153 E. St. South

Suffield, Ct. 06080

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information contained in the complaint is true and correct.  28 U.S.C., Section 1746; 18 U.S.C., Section 1621.

Executed at Suffield, CT. _____ on September 10, 2006 _____ .

_Michael Daly_

Michael Daly, Pro Se, Plaintiff

( 10.)